IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARCUS BERNARD NEDD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: |
| vs. | ) | |
| | ) | 20A79805 |
| SAM'S EAST, INC., SAM'S | ) | |
| WEST, INC., SAM'S PW, INC., | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| CHERYL COLLINS, DOMINIQUE | ) | |
| THOMPSON, XYZ CORPORATION | ) | |
| NO. 1, XYZ CORPORATION NO. 2, | ) | |
| JOHN DOE NO. 1, JOHN DOE NO. 2, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW plaintiff and files this his Complaint against defendants:

### PARTIES AND JURISDICTION

1.

This is an action for personal injury, economic damages, pain and suffering, punitive damages, and related damages arising from an incident that took place on or about October 7, 2018.

2.

Defendant Sam's East, Inc. is a foreign corporation authorized to do business in Georgia. Defendant is subject to service, by Second Original Summons and Complaint, upon the registered agent, The Corporation Company, located at 112 North Main Street, Cumming, GA 30040, Forsyth County. Defendant is subject to the jurisdiction and venue of this Court.

1

STATE COURT OF
DEKALB COUNTY, GA.
3/24/2020 3:30 PM
E-FILED
BY: Phyleta Knighton

3/27/2020

**EXHIBIT C**

3.

Defendant Sam's West, Inc. is a foreign corporation authorized to do business in the State of Georgia. Defendant is subject to service, by Second Original Summons and Complaint, upon the registered agent, The Corporation Company, located at 112 North Main Street, Cumming, GA 30040, Forsyth County. Defendant is subject to the jurisdiction and venue of this Court.

4.

Defendant Sam's PW, Inc. is a foreign corporation authorized to do business in the State of Georgia. Defendant is subject to service, by Second Original Summons and Complaint, upon the registered agent, The Corporation Company, located at 112 North Main Street, Cumming, GA 30040, Forsyth County. Defendant is subject to the jurisdiction and venue of this Court.

5.

Defendant Wal-Mart Stores East, LP is a foreign limited partnership authorized to do business in the State of Georgia. Defendant is subject to service, by Second Original Summons and Complaint, upon the registered agent, The Corporation Company, located at 112 North Main Street, Cumming, GA 30040, Forsyth County. Defendant is subject to the jurisdiction and venue of this Court.

2

3/27/2020

6.

Cheryl Collins is an individual whose address is not currently available.  Cheryl Collins was the manager of Store No. 6409, located at 1940 Mountain Industrial Boulevard, Tucker, GA 30084 at the time of the incident giving rise to this suit. Defendant is subject to the jurisdiction and venue of this Court.

7.

Dominique Thompson is an individual whose address is not currently available. Defendant Thompson was working at the subject location at the time of the incident giving rise to this suit.  Defendant is subject to the jurisdiction and venue of this Court.

8.

Defendant XYZ Corporation No. 1 is an entity whose identity and whereabouts are not currently known.  Defendant XYZ Corporation No. 1 is subject to the jurisdiction and venue of this Court.

9.

Defendant XYZ Corporation No. 2 is an entity whose identity and whereabouts are not currently known.  Defendant XYZ Corporation No. 2 is subject to the jurisdiction and venue of this Court.

10.

Defendant John Doe No. 1 is an individual whose identity and whereabouts are not currently known.  Defendant John Doe No. 1 is subject the jurisdiction and venue of this Court.

3

**3/27/2020**

11.

Defendant John Doe No. 2 is an individual whose identity and whereabouts are not currently known.  Defendant John Doe No. 2 is subject the jurisdiction and venue of this Court.

**STATEMENT OF FACTS**

12.

Plaintiff incorporates by reference paragraphs one through eleven of the Complaint as if fully set forth herein.

13.

On or about October 7, 2018, Marcus Bernard Nedd was an invitee at Store No. 6409 located at 1940 Mountain Industrial Boulevard, Tucker, GA 30084.

14.

On or about October 7, 2018, Marcus Bernard Nedd was exercising ordinary care for his own safety.

15.

Prior to the incident giving rise to this suit, Marcus Bernard Nedd had not encountered the hazard(s) that caused his injuries.

16.

Prior to the incident giving rise to this suit, Marcus Bernard Nedd did not have any information, from any source, about the hazard(s) that he encountered.

4

**3/27/2020**

17.

As a result of the hazard(s) that existed at the aforementioned location, Marcus

Bernard Nedd was seriously injured.

18.

Defendants had actual and/or constructive knowledge of the hazard(s) that existed

at the time of the incident.

19.

On or about October 7, 2018, a worker identified as Dominique Thompson was

operating a Cart Manager XD within the course and scope of his employment.

20.

On or about October 7, 2018, Mr. Thompson caused one or more grocery carts to

strike Marcus Bernard Nedd resulting in injury to him.

21.

At the time of the incident, Marcus Bernard Nedd was merely entering the store

and was preparing to obtain a grocery cart when the incident took place.

22.

The incident was witnessed.

23.

The incident was immediately reported.

24.

A written incident report was prepared.

5

**3/27/2020**

## COUNT ONE

### NEGLIGENCE OF SAM'S EAST, INC.

25.

Plaintiff incorporates by reference paragraphs one through twenty-four of the

Complaint as if fully set forth herein.

26.

That at all times relevant hereto, the corporate defendant, as owner and/or

occupier of said property, owed certain civil duties to plaintiff and, notwithstanding those

duties, defendant did violate them in the following particulars:

A)      In failing to maintain the premises and approaches in a safe manner in

violation of O.C.G.A. § 51-3-1;

B)      In failing to warn innocent victims such as plaintiff of the dangerous

condition(s);

C)      In failing to correct the dangerous hazard(s) despite having actual and/or

constructive notice;

D)      In failing to perform its obligations to properly inspect and repair both its

premises and approaches;

E)      In committing other negligent or reckless acts or omissions, involving

premises liability and/or active negligence that may be shown by the evidence at trial;

F)      In violating certain rules, regulations, policies, procedures, etc;

G)      In violating Georgia statutory and common law;

H)      At all times relevant hereto, defendants are liable for the negligent acts of

its employees and agents as set forth herein.

6

**3/27/2020**

27.

At all relevant times, Sam's East, Inc. is vicariously liable for each and every

action of the worker identified as Dominique Thompson on the grounds of the

doctrine of respondeat superior.

28.

Sam's East, Inc. is independently responsible for each and every element of

damages alleged on the theory of negligent entrustment, hiring, training and retention of

Dominique Thompson.

29.

As a direct and proximate result of the breaches of duties by Sam's East, Inc.,

plaintiff has suffered injuries and damages including, but not limited to, personal injury,

economic damages, pain and suffering, etc.

30.

By reason of the foregoing, plaintiff is entitled to recover medical bills, economic

damages, pain and suffering, etc.


**COUNT TWO**

**NEGLIGENCE OF SAM'S WEST, INC.**

31.

Plaintiff incorporates by reference paragraphs one through thirty of the Complaint

as if fully set forth herein.

32.

That at all times relevant hereto, the corporate defendant, as owner and/or

7

**3/27/2020**

occupier of said property, owed certain civil duties to plaintiff and, notwithstanding those

duties, defendant did violate them in the following particulars:

A)      In failing to maintain the premises and approaches in a safe manner in

violation of O.C.G.A. § 51-3-1;

B)      In failing to warn innocent victims such as plaintiff of the dangerous

condition(s);

C)      In failing to correct the dangerous hazard(s) despite having actual and/or

constructive notice;

D)      In failing to perform its obligations to properly inspect and repair both its

premises and approaches;

E)      In committing other negligent or reckless acts or omissions, involving

premises liability and/or active negligence that may be shown by the evidence at trial;

F)      In violating certain rules, regulations, policies, procedures, etc;

G)      In violating Georgia statutory and common law;

H)      At all times relevant hereto, defendants are liable for the negligent acts of

its employees and agents as set forth herein.

33.

At all relevant times, Sam's West, Inc. is vicariously liable for each and every

action of the worker identified as Dominique Thompson on the grounds of the

doctrine of respondeat superior.

34.

Sam's West, Inc. is independently responsible for each and every element of

damages alleged on the theory of negligent entrustment, hiring, training and retention of

8

**3/27/2020**

Dominique Thompson.

35.

As a direct and proximate result of the breaches of duties by Sam's West, Inc., plaintiff has suffered injuries and damages including, but not limited to, personal injury, economic damages, pain and suffering, etc.

36.

By reason of the foregoing, plaintiff is entitled to recover medical bills, economic damages, pain and suffering, etc.

**COUNT THREE**

**NEGLIGENCE OF SAM'S PW, INC.**

37.

Plaintiff incorporates by reference paragraphs one through thirty-six of the Complaint as if fully set forth herein.

38.

That at all times relevant hereto, the corporate defendant, as owner and/or occupier of said property, owed certain civil duties to plaintiff and, notwithstanding those duties, defendant did violate them in the following particulars:

A)　In failing to maintain the premises and approaches in a safe manner in violation of O.C.G.A. § 51-3-1;

B)　In failing to warn innocent victims such as plaintiff of the dangerous condition(s);

9

**3/27/2020**

C)      In failing to correct the dangerous hazard(s) despite having actual and/or

constructive notice;

D)      In failing to perform its obligations to properly inspect and repair both its

premises and approaches;

E)      In committing other negligent or reckless acts or omissions, involving

premises liability and/or active negligence that may be shown by the evidence at trial;

F)      In violating certain rules, regulations, policies, procedures, etc;

G)      In violating Georgia statutory and common law;

H)      At all times relevant hereto, defendants are liable for the negligent acts of

its employees and agents as set forth herein.

39.

At all relevant times, Sam's PW, Inc. is vicariously liable for each and every

action of the worker identified as Dominique Thompson on the grounds of the

doctrine of respondeat superior.

40.

Sam's PW, Inc. is independently responsible for each and every element of

damages alleged on the theory of negligent entrustment, hiring, training and retention of

Dominique Thompson.

41.

As a direct and proximate result of the breaches of duties by Sam's PW, Inc.,

plaintiff has suffered injuries and damages including, but not limited to, personal injury,

10

**3/27/2020**

economic damages, pain and suffering, etc.

42.

By reason of the foregoing, plaintiff is entitled to recover medical bills, economic

damages, pain and suffering, etc.

## COUNT FOUR

## LIABILITY ARISING OUT OF NEGLIGENCE OF

## WAL-MART STORES EAST, LP

43.

Plaintiff incorporates by reference paragraphs one through forty-two of the

Complaint as if fully set forth herein.

44.

That at all times relevant hereto, Wal-Mart Stores, Inc. (hereinafter designated

"Wal-Mart"), as owner and/or occupier of said property, owed certain civil duties to

plaintiff and, notwithstanding those duties, defendant did violate them in the following

particulars:

A)    In failing to maintain the premises and approaches in a safe manner in

violation of O.C.G.A. § 51-3-1;

B)    In failing to warn innocent victims such as plaintiff of the dangerous

condition(s);

C)    In failing to correct the dangerous hazard(s) despite having actual and/or

constructive notice;

11

**3/27/2020**

D)      In failing to perform its obligations to properly inspect and repair both its premises and approaches;

E)      In committing other negligent or reckless acts or omissions, involving premises liability and/or active negligence that may be shown by the evidence at trial;

F)      In violating certain rules, regulations, policies, procedures, etc;

G)      In violating Georgia statutory and common law;

H)      At all times relevant hereto, defendants are liable for the negligent acts of its employees and agents as set forth herein.

45.

At all relevant times, Wal-Mart is vicariously liable for each and every action of the worker identified as Dominique Thompson on the grounds of the doctrine of respondeat superior.

46.

Wal-Mart is independently responsible for each and every element of damages alleged on the theory of negligent entrustment, hiring, training and retention of Dominique Thompson.

47.

As a direct and proximate result of the breaches of duties by Wal-Mart, plaintiff has suffered injuries and damages including, but not limited to, personal injury, economic damages, pain and suffering, etc.

12

**3/27/2020**

48.

By reason of the foregoing, plaintiff is entitled to recover medical bills, economic

damages, pain and suffering, etc.


## COUNT FIVE

## NEGLIGENCE OF CHERYL COLLINS

49.

Plaintiff incorporates by reference paragraphs one through forty-eight of the

Complaint as if fully set forth herein.

50.

That at all times relevant hereto, Cheryl Collins exercised possession and control

of the subject location thereby constituting an owner and/or occupier of said property.

Accordingly, Cheryl Collins owed certain civil duties to plaintiff and, notwithstanding

those duties, defendant did violate them in the following particulars:

A)      In failing to maintain the premises and approaches in a safe manner in

violation of O.C.G.A. § 51-3-1;

B)      In failing to warn innocent victims such as plaintiff of the dangerous

condition(s);

C)      In failing to correct the dangerous hazard(s) despite having actual and/or

constructive notice;

D)      In failing to perform her obligation to properly inspect and repair both the

premises and approaches;

E)      In committing other negligent or reckless acts or omissions, involving

13

**3/27/2020**

premises liability and/or active negligence that may be shown by the evidence at trial;

F)　　In violating certain rules, regulations, policies, procedures, etc;

G)　　In violating Georgia statutory and common law.

51.

As a direct and proximate result of the breaches of duties by defendant Cheryl Collins, plaintiff has suffered injuries and damages including, but not limited to, personal injury, economic damages, pain and suffering, etc.

52.

By reason of the foregoing, plaintiff is entitled to recover medical bills, economic damages, pain and suffering, etc.

## COUNT SIX

## LIABILITY ARISING OUT OF

## NEGLIGENCE OF DOMINIQUE THOMPSON

53.

Plaintiff incorporates by reference paragraphs one through fifty-two of the Complaint as if fully set forth herein.

54.

At all relevant times, defendant Dominique Thompson owed certain civil duties and, notwithstanding those duties, defendant did violate them in the following particulars:

(A)　　Violating a variety of the Georgia Rules of the Road;

14

**3/27/2020**

(B)     In failing to make reasonable and proper observations while operating the Cart Manager XD or, if reasonable and proper observations were made, failing to act thereon;

(C)     In failing to keep the Cart Manager XD under control at all times in violation of O.C.G.A. § 40-6-390;

(D)     In driving the Cart Manager XD without due caution and circumvention, and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of O.C.G.A. § 40-6-241;

(E)     In driving the Cart Manager XD in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

(F)     In committing other negligent and reckless acts and omissions as may be shown by the evidence at trial; and

(G)     In violating Georgia Common Law.

55.

As a direct and proximate result of the breaches of duties by defendant Dominique Thompson, plaintiff has suffered injuries and damages including, but not limited to, personal injury, economic damages, pain and suffering, etc.

56.

By reason of the foregoing, plaintiff is entitled to recover medical bills, economic damages, pain and suffering, etc.

**PUNITIVE DAMAGES**

15

3/27/2020

57.

Plaintiff incorporates by reference paragraphs one through fifty-six of this Complaint as if fully set forth herein.

58.

Defendants' aforesaid conduct constitutes willful misconduct, wantonness, or that entire want of care which would raise the presumption of a conscious indifference to the consequences which entitles plaintiff to recover punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays and demands as follows:

(A)    That Process and Summons issue, as provided by law, requiring defendants to appear and answer plaintiff's Complaint;

(B)    That service be had upon defendants as provided by law;

(C)    That the Court award a judgment in favor of plaintiff for medical bills, economic damages,  pain and suffering, and punitive damages in amounts to be proven at trial;

(D)    That plaintiff has a trial by jury as to all issues;

(E)    That plaintiff has such other and further relief as this Court may deem just and proper.

/S/
Christopher M. Farmer, Esq.
State Bar No. 255170
Attorney for Plaintiff

16

**3/27/2020**

Davis, Zipperman, Kirschenbaum & Lotito, LLP
918 Ponce de Leon Ave., NE
Atlanta, GA 30306-4212
(404) 688-2000

/S/
ReShea Balams, Esq.
State Bar No. 557046
Attorney for Plaintiff

The Balams Firm
290 South Main Street
Suite 500
Alpharetta, GA 30009
(404) 445-2005

STATE COURT OF
DEKALB COUNTY, GA.
3/24/2020 3:30 PM
E-FILED
BY: Phyleta Knighton

17

**3/27/2020**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                          Civil Action File No.
                                              20A79805
            Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

            Defendants.
_____/

## ANSWER OF DEFENDANTS SAM'S EAST, INC., SAM'S WEST, INC., SAM'S PW, INC., WAL-MART STORES EAST, LP, CHERYL COLLINS AND DOMINIQUE THOMPSON

COME NOW Defendants, SAM'S EAST, INC., SAM'S WEST, INC. (erroneously named), SAM'S PW, INC. (erroneously named), WAL-MART STORES EAST, LP (erroneously named), CHERYL COLLINS (erroneously named), DOMINIQUE THOMPSON (erroneously named) and make this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Sam's West, Inc. is not a proper Defendant.

Page -1-

## SECOND DEFENSE

Jurisdiction is not proper as to Sam's West, Inc.

## THIRD DEFENSE

Venue is not proper as to Sam's West, Inc.

## FOURTH DEFENSE

Sam's PW, Inc. is not a proper Defendant.

## SECOND DEFENSE

Jurisdiction is not proper as to Sam's PW, Inc.

## THIRD DEFENSE

Venue is not proper as to Sam's PW, Inc.

## FOURTH DEFENSE

Wal-Mart Stores East, LP is not a proper Defendant.

## FIFTH DEFENSE

Jurisdiction is not proper as to Wal-Mart Stores East, LP.

## SIXTH DEFENSE

Venue is not proper as to Wal-Mart Stores East, LP.

## SEVENTH DEFENSE

Cheryl Collins is not a proper Defendant.

## EIGHTH DEFENSE

Jurisdiction is not proper as to Cheryl Collins.

## NINTH DEFENSE

Venue is not proper as to Cheryl Collins.

## TENTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and insufficiency of process as to Cheryl Collins.

## ELEVENTH DEFENSE

Dominique Thompson is not a proper Defendant.

## TWELFTH DEFENSE

Jurisdiction is not proper as to Dominique Thompson.

## THIRTEENTH DEFENSE

Venue is not proper as to Dominique Thompson.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and insufficiency of process as to Dominique Thompson.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

2afa5e1fcaae2bd0

## SIXTEENTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## SEVENTEENTH DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to himself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## EIGHTEENTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## NINETEENTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## TWENTIETH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

## TWENTY-FIRST DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms

and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, <u>inter alia</u>, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

<u>TWENTY-SECOND DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to

persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes <u>inter alia</u>, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases;  and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

<u>TWENTY-THIRD DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.  (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

<u>TWENTY-FOURTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See <u>BMW of North America, Inc. v. Gore</u>, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996); and <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

<u>TWENTY-FIFTH DEFENSE</u>

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants deny the allegations contained in paragraph 1 of the Plaintiff's Complaint, as stated.

2.

Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Complaint, at this time.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants incorporate by reference paragraphs one through eleven of this Answer as if fully set forth herein.

13.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint, as stated.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint, as stated.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants admit the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint, as stated.

23.

Defendants admit the allegations contained in paragraph 23 of the Plaintiff's Complaint as to the alleged incident.

24.

Defendants admit he allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendants incorporate by reference paragraphs one through twenty-four of this Answer as if fully set forth herein.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint, including subparagraphs A), B), C), D), E), F), G) and H) thereof.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendants incorporate by reference paragraphs one through thirty of this Answer as if fully set forth herein.

32.

Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Complaint, including subparagraphs A), B), C), D), E), F), G) and H) thereof.

33.

Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Defendants deny the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendants deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37.

Defendants incorporate by reference paragraphs one through thirty-six of this Answer as if fully set forth herein.

38.

Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint, including subparagraphs A), B), C), D), E), F), G) and H) thereof.

39.

Defendants deny the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40.

Defendants deny the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.

Defendants deny the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42.

Defendants deny the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43.

Defendants incorporate by reference paragraphs one through forty-two of this Answer as if fully set forth herein.

44.

Defendants deny the allegations contained in paragraph 44 of the Plaintiff's Complaint, including subparagraphs A), B), C), D), E), F), G) and H) thereof.

45.

Defendants deny the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46.

Defendants deny the allegations contained in paragraph 46 of the Plaintiff's Complaint.

47.

Defendants deny the allegations contained in paragraph 47 of the Plaintiff's Complaint.

48.

Defendants deny the allegations contained in paragraph 48 of the Plaintiff's Complaint.

49.

Defendants incorporate by reference paragraphs one through forty-eight of this Answer as if fully set forth herein.

50.

Defendants deny the allegations contained in paragraph 50 of the Plaintiff's Complaint, including subparagraphs A), B), C), D), E), F) and G) thereof.

51.

Defendants deny the allegations contained in paragraph 51 of the Plaintiff's Complaint.

52.

Defendants deny the allegations contained in paragraph 52 of the Plaintiff's Complaint.

53.

Defendants incorporate by reference paragraphs one through fifty-two of this Answer as if fully set forth herein.

54.

Defendants deny the allegations contained in paragraph 54 of the Plaintiff's Complaint, including subparagraphs A), B), C), D), E), F) and G) thereof.

55.

Defendants deny the allegations contained in paragraph 55 of the Plaintiff's Complaint.

56.

Defendants deny the allegations contained in paragraph 56 of the Plaintiff's Complaint.

57.

Defendants incorporate by reference paragraphs one through fifty-six of this Answer as if fully set forth herein.

58.

Defendants deny the allegations contained in paragraph 58 of the Plaintiff's Complaint.

59.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

60.

Defendants deny Plaintiff's prayer for relief, including subparagraphs (A), (B), (C), (D) and (E) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

STATE COURT OF
DEKALB COUNTY, GA.
4/17/2020 2:17 PM
E-FILED
BY: Michelle Cheek

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT SAM'S EAST, INC., SAM'S WEST, INC., SAM'S PW, INC., WAL-MART STORES EAST, LP, CHERYL COLLINS AND DOMINIQUE THOMPSON has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the <u>17th</u> day of April, 2020.

McLAIN & MERRITT, P.C.

 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,

           Plaintiff,

v.

SAM'S EAST, INC.,  SAM'S WEST, INC.,
SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS, DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

           Defendants.
_____/

Civil Action File No.
20A79805

## **12-PERSON JURY DEMAND**

COME NOW Defendants, SAM'S EAST, INC., SAM'S WEST, INC. (erroneously named), SAM'S PW, INC. (erroneously named), WAL-MART STORES EAST, LP (erroneously named), CHERYL COLLINS (erroneously named), and DOMINIQUE THOMPSON (erroneously named) and demand a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.

SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the <u>17th</u> day of April, 2020.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                          Civil Action File No.
                                              20A79805

            Plaintiff,

v.

SAM'S EAST, INC.,  SAM'S WEST, INC.,
SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS, DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

            Defendants.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)    REQUEST FOR ADMISSIONS

2)    INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

                        McLAIN & MERRITT, P.C.

                        /s/ Howard M.  Lessinger

Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Odyssey eFileGA.

This the <u>17th</u> day of April, 2020.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                     Civil Action File No.
                                                         20A79805

        Plaintiff,

v.

SAM'S EAST, INC.,  SAM'S WEST, INC.,
SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS, DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

        Defendants.
_____/

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 14th day of July, 2020, commencing at 11:00 a.m., at the offices of Davis, Zipperman, Kirschenbaum & Lotito, LLP, 918 Ponce de Leon Avenue NE, Atlanta, GA, the deposition will be taken of  Marcus Bernard Nedd.  Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths.   The deposition shall continue from day-to-day until completion.    This deposition may also be videotaped by a videographer.

McLAIN & MERRITT, P.C.


   /s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

STATE COURT OF
DEKALB COUNTY, GA.
4/17/2020 2:17 PM
E-FILED
BY: Michelle Cheek

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING DEPOSITION has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the <u>17th</u> day of April, 2020.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

SHERIFF'S ENTRY OF SERVICE

SC-85-2

7 DEKALB MCBERRY CO., COVINGTON, GA 30015

| | |
|---|---|
| Civil Action No. 20A79805 | |
| Date Filed 03/27/20 | |

Georgia, DeKalb COUNTY

Superior Court ☐   Magistrate Court ☐
State Court ☒   Probate Court ☐
Juvenile Court ☐

Attorney's Address

Marcus Nodd

_____
Plaintiff

VS.

Sam's East, Inc.

Name and Address of Party to be Served.

Sam's East, Inc

_____
Defendant

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒
Served the defendant Corporation Company a corporation by leaving a copy of the within action and summons with Andy Lipscomb in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 14 day of April , 20 20 .

M. Shibble 2428

_____
DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

STATE COURT OF
DEKALB COUNTY, GA
4/24/2020 2:24 PM
E-FILED
BY: Michelle Cheek

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                          Civil Action File No.
                                              20A79805
              Plaintiff,

v.

SAM'S EAST, INC.,  SAM'S WEST, INC.,
SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS, DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

              Defendants.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)   SAM'S  EAST,  INC.'S  ANSWERS  TO  PLAINTIFF'S  FIRST
     INTERROGATORIES; and

2)   SAM'S EAST, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR
     PRODUCTION OF DOCUMENTS

                         McLAIN & MERRITT, P.C.

                         /s/ Mark L. Pickett
                         Mark L. Pickett
                         Georgia Bar No. 578190

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Odyssey eFileGA.

This the <u>2nd</u> day of July, 2020.

McLAIN & MERRITT, P.C.

<u>/s/ Mark L. Pickett</u>
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARCUS BERNARD NEDD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.: 20A79805** |
| **vs.** | ) | |
| | ) | |
| **SAM'S EAST, INC., SAM'S** | ) | |
| **WEST, INC., SAM'S PW, INC.,** | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| **CHERYL COLLINS, DOMINIQUE** | ) | |
| **THOMPSON, XYZ CORPORATION** | ) | |
| **NO. 1, XYZ CORPORATION NO. 2,** | ) | |
| **JOHN DOE NO. 1, JOHN DOE NO. 2,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>NOTICE</u>

COMES NOW, Christopher M. Farmer, and respectfully notifies all judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.  The period of leave during which Applicant will be away from the practice of law is **Wednesday, August 19, 2020** through and including **Tuesday, September 8, 2020.**  Counsel will be out of the State of Georgia during this period.

2.  All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

/S/
Christopher M. Farmer, Esq.
State Bar No. 255170
Attorney for Plaintiff

Davis, Zipperman, Kirschenbaum & Lotito, LLP
918 Ponce de Leon Ave., NE
Atlanta, GA 30306-4212
(404) 688-2000

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,

        Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

        Defendants.

_____/

Civil Action File No.
20A79805

## CONSENT MOTION TO DISMISS LESS THAN ALL DEFENDANTS

COME NOW Plaintiff and Defendants in the above-styled action, and move

this court to dismiss without prejudice <u>only</u> Defendants Sam's West, Inc., Sam's

PW, Inc. and Wal-Mart Stores East, LP.

Consent to:

/s/ *Christopher M. Farmer*
Christopher M. Farmer
Georgia Bar No. 255170
Attorney for Plaintiff
918 Ponce de Leon Ave., NE
Atlanta, GA 30306-4212
(404) 688-2000

/s/ *Mark L. Pickett*
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendant Sam's
3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30326-3240
(404) 365-4516

*Nedd v. Sam's East, Inc.., et.al./20A79805/Page 1*

/s/ ReShea Balams

ReShea Balams
Georgia Bar No. 557046
Attorney for Plaintiff
290 South Main St., Ste. 500
Alpharetta, GA 30009
(404) 445-2005

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                        Civil Action File No.
                                            20A79805

           Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

           Defendants.

_____/

## **ORDER**

It appearing to the Court that by consent of the parties and for good cause

shown, it is hereby:

ORDERED that Sam's West, Inc, Sam's PW, Inc. and Wal-Mart Stores East,

LP are dismissed without prejudice.

SO ORDERED this _____day of _____ 2020.


                              _____
                              Honorable Janis C. Gordon
                              Judge, State Court of DeKalb County


*Nedd v. Sam's East, Inc.., et.al.,/20A79805/Page 3*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                           Civil Action File No.
                                                20A79805
          Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

          Defendants.

_____/

## CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a

protective order should be entered pursuant to O.C.G.A. §9-11-26 and to O.C.G.A.

§ 10-1-761(4) for the purpose of protecting commercial and confidential

information and trade secrets of Defendant Sam's East, Inc. (hereinafter

"Defendant") and of all other Sam's entities.

1.

This protective order shall apply to documents and to other things marked

"CONFIDENTIAL" by Defendant prior to production in this matter, as well as to

the testimony of Defendant's corporate representative concerning same.

2.

All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings.  All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 shall not be used, or provided for use, in any other litigation or proceedings; and shall not be published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto.  All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep

a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be marked "CONFIDENTIAL" will notify Defendant, via its counsel, in writing and specifically identify which document he/she contends should not be marked "CONFIDENTIAL." The parties then will have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the "CONFIDENTIAL" designation shall submit the document or thing, under seal, to the Court for an in-camera inspection and final decision as to whether or not the document should remain "CONFIDENTIAL."

6.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses, directly or indirectly, all or part of any document or thing described in paragraph 1 above, such paper shall be filed under seal and labeled "CONFIDENTIAL."

7.

Upon conclusion of this action, counsel for all parties shall return to counsel for Defendant, at Defendant's expense, the original and all copies made of such documents and materials described in paragraph 1 above.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to this Order or to any other order of this Court.

9.

It is understood that if any person knowingly violates this Protective Order, said person shall pay such penalties to Defendant as the Court deems appropriate, including any attorneys' fees or expenses associated with the prosecution of said violation, and any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this _____ day of _____, 2020.

_____
Honorable Janis C. Gordon
Judge, State Court of DeKalb County

Consent to:

/s/ Christopher M. Farmer
Christopher M. Farmer
Georgia Bar No. 255170
Attorney for Plaintiff
918 Ponce de Leon Ave., NE
Atlanta, GA 30306-4212
(404) 688-2000

/s/ ReShea Balams
ReShea Balams
Georgia Bar No. 557046
Attorney for Plaintiff
290 South Main St., Ste. 500
Alpharetta, GA 30009
(404) 445-2005

/s/ Mark L. Pickett
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendant Sam's
3445 Peachtree Road, N.E., Suite 500
Atlanta, GA  30326-3240
(404) 365-4516

EXHIBIT "A"
IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                                    Civil Action File No.
                                                        20A79805

        Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

        Defendants.

_____/

## WRITTEN ASSURANCE

AFFIDAVIT  OF  _____ (printed

name), being duly sworn and personally appearing before the undersigned attesting

officer, duly authorized by law to administer oaths, deposes and says that the within

statements are true and correct:

1.

I have read the Consent Protective Order attached hereto and I understand its

terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the State Court

of DeKalb County, Georgia, in which the above-styled matter is pending, and binds me to the provisions of the Consent Protective Order, including to all promises undertaken in the Order, as if originally agreed to by me.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 20_____.

Signature: _____

_____ County

State of

SUBSCRIBED AND SWORN to before me
this _____ day of _____, 20\_\_\_\_\_.

_____
NOTARY PUBLIC
My Commission Expires:

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                          Civil Action File No.
                                              20A79805
           Plaintiff,

v.

SAM'S EAST, INC.,  SAM'S WEST, INC.,
SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS, DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

           Defendants.
_____/

## SECOND AMENDED NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 22nd day of October, 2020,

commencing at 10:00 a.m., at the offices of McLain & Merritt, 3445 Peachtree Rd.,

NE, Suite 500, Atlanta, GA, the deposition will be taken of  Marcus Bernard Nedd.

Said deposition will be taken for purposes of discovery and all other purposes

provided by law before an officer duly authorized to administer oaths.   The

deposition shall continue from day-to-day until completion.    This deposition may

also be videotaped by a videographer.

Copy from re:SearchGA

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
mpickett@mmatllaw.com

STATE COURT OF
DEKALB COUNTY, GA.
8/27/2020 4:16 PM
E-FILED
BY: Michelle Cheek

Copy from re:SearchGA

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing SECOND AMENDED NOTICE OF TAKING DEPOSITION has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the <u>27th</u> day of August, 2020.

McLAIN & MERRITT, P.C.

<u>/s/ Mark L. Pickett</u>
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
mpickett@mmatllaw.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                              Civil Action File No.
                                                 20A79805
            Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

            Defendants.
_____/

## CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a

protective order should be entered pursuant to O.C.G.A. §9-11-26 and to O.C.G.A.

§ 10-1-761(4) for the purpose of protecting commercial and confidential

information and trade secrets of Defendant Sam's East, Inc. (hereinafter

"Defendant") and of all other Sam's entities.

1.

This protective order shall apply to documents and to other things marked

"CONFIDENTIAL" by Defendant prior to production in this matter, as well as to

the testimony of Defendant's corporate representative concerning same.

STATE COURT OF
DEKALB COUNTY, GA.
8/24/2020 11:47 AM
BY: Michelle Cheek

Page | 1

STATE COURT OF
DEKALB COUNTY, GA.
9/2/2020 1:56 PM
E-FILED
BY: Michelle Cheek

2.

All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings. All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 shall not be used, or provided for use, in any other litigation or proceedings; and shall not be published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep

a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be marked "CONFIDENTIAL" will notify Defendant, via its counsel, in writing and specifically identify which document he/she contends should not be marked "CONFIDENTIAL."  The parties then will have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the "CONFIDENTIAL" designation shall submit the document or thing, under seal, to the Court for an in-camera inspection and final decision as to whether or not the document should remain "CONFIDENTIAL."

6.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses, directly or indirectly, all or part of any document or thing described in paragraph 1 above, such paper shall be filed under seal and labeled "CONFIDENTIAL."

7.

Upon conclusion of this action, counsel for all parties shall return to counsel for Defendant, at Defendant's expense, the original and all copies made of such documents and materials described in paragraph 1 above.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to this Order or to any other order of this Court.

9.

It is understood that if any person knowingly violates this Protective Order, said person shall pay such penalties to Defendant as the Court deems appropriate, including any attorneys' fees or expenses associated with the prosecution of said violation, and any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this ____ day of _____Sept_____, 2020.

_____
Honorable Janis C. Gordon
Judge, State Court of DeKalb County

cc: parties via electronic service

STATE COURT OF
DEKALB COUNTY, GA.
9/2/2020 1:56 PM
E-FILED
BY: Michelle Cheek

Page | 4

Consent to:

*/s/ Christopher M. Farmer*
Christopher M. Farmer
Georgia Bar No. 255170
Attorney for Plaintiff
918 Ponce de Leon Ave., NE
Atlanta, GA 30306-4212
(404) 688-2000

*/s/ ReShea Balams*
ReShea Balams
Georgia Bar No. 557046
Attorney for Plaintiff
290 South Main St., Ste. 500
Alpharetta, GA 30009
(404) 445-2005

*/s/ Mark L. Pickett*
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendant Sam's
3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30326-3240
(404) 365-4516

EXHIBIT "A"
## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

MARCUS BERNARD NEDD,

Civil Action File No.
20A79805

        Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

        Defendants.

_____/

## WRITTEN ASSURANCE

AFFIDAVIT OF _____ (printed

name), being duly sworn and personally appearing before the undersigned attesting

officer, duly authorized by law to administer oaths, deposes and says that the within

statements are true and correct:

1.

I have read the Consent Protective Order attached hereto and I understand its

terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the State Court

of DeKalb County, Georgia, in which the above-styled matter is pending, and binds me to the provisions of the Consent Protective Order, including to all promises undertaken in the Order, as if originally agreed to by me.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 20_____.

Signature: _____

_____ County

State of

SUBSCRIBED AND SWORN to before me
this _____ day of _____, 20_____.

_____
NOTARY PUBLIC
My Commission Expires:

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

MARCUS BERNARD NEDD,                           Civil Action File No.
                                               20A79805

        Plaintiff,

v.

SAM'S EAST, INC.,  SAM'S WEST, INC.,
SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS, DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

        Defendants.

_____/

<u>CERTIFICATE REGARDING DISCOVERY</u>

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)    SAM'S EAST, INC.'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES; and

2)    SAM'S EAST, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

           McLAIN & MERRITT, P.C.

           <u>/s/ Mark L. Pickett</u>
           Mark L. Pickett
           Georgia Bar No. 578190

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing <u>CERTIFICATE</u>

<u>REGARDING DISCOVERY</u> has this day been filed and served upon opposing

counsel via Odyssey eFileGA.

This the <u>22nd</u> day of October, 2020.

McLAIN & MERRITT, P.C.

/s/ *Mark L. Pickett*
**Mark L. Pickett**
**Georgia Bar No. 578190**
**Attorney for Defendants**
**SAM'S EAST, INC.**
**SAM'S WEST, INC.**
**SAM'S PW, INC.,**
**WAL-MART STORES EAST, LP**
**CHERYL COLLINS**
**DOMINIQUE THOMPSON**

**3445 Peachtree Road, N.E., Suite 500**
**Atlanta GA  30326**
**(404) 365-4516**
**(404) 364-3138 (fax)**
**mpickett@mmatllaw.com**

STATE COURT OF
DEKALB COUNTY, GA.
10/22/2020 10:13 AM
E-FILED
BY: Michelle Cheek

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                          Civil Action File No.
                                              20A79805
          Plaintiff,

v.

SAM'S EAST, INC.,  SAM'S WEST, INC.,
SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS, DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

          Defendants.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned

hereby certifies that the following discovery has been served upon all persons

identified in the Certificate of Service attached hereto and incorporated herein by

reference:

SAM'S EAST, INC.'S SECOND SUPPLEMENTAL ANSWERS TO
PLAINTIFF'S FIRST INTERROGATORIES

McLAIN & MERRITT, P.C.

/s/ Mark L. Pickett
Mark L. Pickett
Georgia Bar No. 578190

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Odyssey eFileGA.

This the 29th day of October, 2020.

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*

Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                          Civil Action File No.
                                              20A79805
            Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

            Defendants.

_____/

## **CONSENT MOTION TO EXTEND DISCOVERY PERIOD**

The parties move this Court for an Order extending the time for completion of discovery to and through **April 16, 2021.**  The Complaint was filed on March 24, 2020 and a timely answer was filed on April 17, 2020.  During that time all deadlines in Georgia state courts were tolled for a period of one hundred and twenty (120) days.  As a result, discovery is currently set to expire on February 17, 2021.

The parties have diligently conducted discovery, including the exchange of written discovery. Plaintiff's deposition was scheduled for July 14, 2020; however,

it had to be rescheduled due to issues with the plaintiff's availability and the calendars of counsel.  It was instead taken on October 22, 2020.

Plaintiff's counsel advised defense counsel during Plaintiff's deposition that Plaintiff has been seeking treatment for a reoccurrence of his PTSD and alleges same to have been caused by the incident.  This allegation will require additional time to investigate and to obtain the related medical records and medical expenses. Defendant will also need additional time after receiving Plaintiff's deposition transcript to send out any other non-party requests to additional healthcare providers Plaintiff may identify.

In addition, at the time of plaintiff's deposition, Plaintiff's counsel was provided with Defendant's confidential documents pursuant to the Consent Protective Order for which plaintiff needs time to review prior to Walmart employees' depositions.

In addition, the parties will need to schedule the Walmart employee depositions, discuss the topics of a 30(b)(6) deposition and then schedule the deposition.

The parties will also need to schedule the depositions of Plaintiff's treating physicians and to identify and depose expert witnesses after the conduct of the treating physician depositions.

Defense counsel currently has a one-week trial in federal court in mid-December.   The trial may be moved to mid-January; counsel is awaiting notification from the Judge.  Defense's counsel will be limited in his availability during either of those months due to trial preparation and the trial.  Additionally, due to the upcoming holidays the doctor's schedules will be limited along with their corresponding scheduling restrictions.

As a result, and as a result of expected restrictions of the physicians' schedules, these depositions will be scheduled in January, February and March.

WHEREFORE, the parties request that this Honorable Court enter the attached Consent Order extending the time for the completion of discovery through and including **April 16, 2021.**

/s/ Christopher M. Farmer
Christopher M. Farmer
Georgia Bar No. 255170
Attorney for Plaintiff
918 Ponce de Leon Ave., NE
Atlanta, GA 30306-4212
(404) 688-2000

/s/ Mark L. Pickett
Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendant Sam's
3445 Peachtree Road, N.E., Suite 500
Atlanta, GA  30326-3240
(404) 365-4516

/s/ ReShea Balams
ReShea Balams
Georgia Bar No. 557046
Attorney for Plaintiff
290 South Main St., Ste. 500
Alpharetta, GA 30009
(404) 445-2005

STATE COURT OF
DEKALB COUNTY, GA.
11/5/2020 3:50 PM
E-FILED
BY: Michelle Cheek

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                                    Civil Action File No.
                                                        20A79805
            Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

            Defendants.
_____/

## ORDER EXTENDING THE DISCOVERY PERIOD

For good cause shown, IT IS HEREBY ORDERED that the time within which

discovery may be completed in the above-styled case is hereby extended through

and including **April 16, 2021.**

SO ORDERED this _____ day of November, 2020.

STATE COURT OF
DEKALB COUNTY, GA.
11/5/2020 3:50 PM                      _____
BY: Michelle Cheek
                                       Honorable Janis C. Gordon
                                       Judge, DeKalb County State Court

Consent to:

/s/ Christopher M. Farmer              /s/ Mark L. Pickett
Christopher M. Farmer                  Mark L. Pickett
Georgia Bar No. 255170                 Georgia Bar No. 578190
Attorney for Plaintiff                 Attorney for Defendant Sam's
918 Ponce de Leon Ave., NE             3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30306-4212                 Atlanta, GA 30326-3240
(404) 688-2000                         (404) 365-4516

*/s/ ReShea Balams*

ReShea Balams
Georgia Bar No. 557046
Attorney for Plaintiff
290 South Main St., Ste. 500
Alpharetta, GA 30009
(404) 445-2005

20A79805

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served defendants in the foregoing matter with

the attached document addressed as follows:

Mark Pickett, Esq.
McLain & Merritt, P.C.
3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326

This 12th day of November, 2020.

/S/
Christopher M. Farmer, Esq.
Georgia Bar No. 255170
Attorney for Plaintiff

Davis, Zipperman, Kirschenbaum & Lotito, LLP
918 Ponce de Leon Avenue, N.E.
Atlanta, Georgia 30306-4211
(404) 688-2000

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

MARCUS BERNARD NEDD,      )
                                    )
      **Plaintiff,**           )       **CIVIL ACTION**
                                    )       **FILE NO.: 20A79805**
vs.                              )
                                    )
SAM'S EAST, INC., SAM'S      )
WEST, INC., SAM'S PW, INC.,   )
WAL-MART STORES EAST, LP,  )
CHERYL COLLINS, DOMINIQUE )
THOMPSON, XYZ CORPORATION )
NO. 1, XYZ CORPORATION NO. 2, )
JOHN DOE NO. 1, JOHN DOE NO. 2, )
                                    )
      **Defendants.**        )

## MOTION FOR A SPECIAL APPOINTMENT
## BY THE COURT FOR SERVICE

COMES NOW plaintiff  Marcus Bernard Nedd and, pursuant to O.C.G.A. §9-11-4(c), shows this Court that expedited service on Dominique D. Thompson is necessary and requests the appointment of a special process server to serve this defendant.

1.

Plaintiff has filed a Complaint in this case against Sam's East, Inc., Sam's West, Inc., Sam's PW, Inc., Wal-Mart Stores East, LP, Cheryl Collins, Dominique Thompson, as well as other defendants, for medical bills, pain and suffering, and related damages arising out of an incident that took place on or about October 7, 2018.

2.

Upon information and belief, defendant Dominique D. Thompson resides at the following developed address:

12107 S. Emerald Ave.

Chicago, IL 60628

Cook County

3.

A special appointment for service will be necessary to serve the Summons, Complaint, and discovery requests in this case upon this defendant.  Plaintiff moves this Court for an Order appointing Donald Eskra and Samuel L. Jones, each agents of Judicial Attorney Services, who are not interested parties to this suit, are citizens of the United States, and are 18 years of age or older, to serve Dominique D.  Thompson either personally or upon a person of suitable age and discretion residing therein.

WHEREFORE, plaintiff requests an Order for a special appointment to serve defendant Dominique D. Thompson with the Summons, Complaint, and discovery requests.

Presented by:

/S/
Christopher M. Farmer, Esq.
Georgia Bar No. 255170
Attorney for Plaintiff
Davis, Zipperman, Kirschenbaum & Lotito, LLP
918 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306-4212
(404) 688-2000

STATE COURT OF
DEKALB COUNTY, GA.
11/12/2020 3:55 PM
E-FILED
BY: Michelle Cheek

No. 20A79805

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

11/12/2020

**SUMMONS**

/s/ Michelle Cheek

Deputy Clerk

Deposit Paid $ _____

*Marcus Nidd*

Plaintiff's name and address

**[ ] JURY**

**vs.**

*Dominique Thompson*

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

*C. Fulghw*
Name

*918 Ponce de Leon Ave Avenue, NE*
Address

*(404) 658-2000*
Phone Number

*255170*
Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

| Defendant's Attorney | | Third Party Attorney | |
| --- | --- | --- | --- |
| Address | | Address | |
| Phone No. | Georgia Bar No. | Phone No. | Georgia Bar No. |

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **MARCUS BERNARD NEDD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.: 20A79805** |
| **vs.** | ) | |
| | ) | |
| **SAM'S EAST, INC., SAM'S** | ) | |
| **WEST, INC., SAM'S PW, INC.,** | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| **CHERYL COLLINS, DOMINIQUE** | ) | |
| **THOMPSON, XYZ CORPORATION** | ) | |
| **NO. 1, XYZ CORPORATION NO. 2,** | ) | |
| **JOHN DOE NO. 1, JOHN DOE NO. 2,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>CONSENT ORDER</u>**

It appearing to the Court, for good cause shown, that there is a need for special

appointment for service, it is hereby;

ORDERED, ADJUDGED, and DECREED that Donald Eskra and Samuel L.

Jones, each agents of Judicial Attorney Services, who are not interested parties to this

suit, are citizens of the United States, and are 18 years of age or older, are appointed  to

serve Dominique D.  Thompson either personally, or upon a person of suitable age and

discretion residing therein, with a copy of the Complaint, Summons, and all other

discovery requests in this case.

SO ORDERED, this ____day of _____2020.

STATE COURT OF
DEKALB COUNTY, GA.
11/13/2020 2:25 PM
BY: Michelle Cheek

_____
The Honorable Janis C. Gordon
State Court of Dekalb County

Prepared by:


      /S/
Christopher M. Farmer, Esq.
State Bar No. 255170
Attorney for Plaintiff
Davis, Zipperman, Kirschenbaum & Lotito, LLP
918 Ponce de Leon Ave., NE
Atlanta, GA 30306-4212
(404) 688-2000




Consented to by:


      /S/
Mark L. Pickett, Esq.
State Bar Number 578190
Attorney for Defendants
McLAIN & MERRITT, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
(404)365-4516

20A79805

## CERTIFICATE OF SERVICE

This is to certify that I have this day served defendants in the foregoing matter with the attached document addressed as follows:

Mark Pickett, Esq.
McLain & Merritt, P.C.
3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326

This 13th day of November, 2020.

/S/
Christopher M. Farmer, Esq.
Georgia Bar No. 255170
Attorney for Plaintiff

Davis, Zipperman, Kirschenbaum & Lotito, LLP
918 Ponce de Leon Avenue, N.E.
Atlanta, Georgia 30306-4211
(404) 688-2000

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MARCUS BERNARD NEDD, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.: 20A79805** |
| vs. | ) | |
| | ) | |
| SAM'S EAST, INC., SAM'S | ) | |
| WEST, INC., SAM'S PW, INC., | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| CHERYL COLLINS, DOMINIQUE | ) | |
| THOMPSON, XYZ CORPORATION | ) | |
| NO. 1, XYZ CORPORATION NO. 2, | ) | |
| JOHN DOE NO. 1, JOHN DOE NO. 2, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ACKNOWLEDGEMENT OF SERVICE OF CHERYL COLLINS

COMES NOW plaintiff and Cheryl Collins and enter into this Acknowledgment of Service.  Cheryl Collins hereby acknowledges timely and proper service of the Summons, Complaint, and discovery requests on the date designated below.

Defendant Cheryl Collins retains all defenses or objections to the lawsuit except for the defense of insufficiency of service of process.

This the 13th day of November, 2020.

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**11/13/2020 3:19 PM**
**E-FILED**
**BY: Michelle Cheek**

Prepared by:


        /S/
Christopher M. Farmer, Esq.
State Bar No. 255170
Attorney for Plaintiff
Davis, Zipperman, Kirschenbaum & Lotito, LLP
918 Ponce de Leon Ave., NE
Atlanta, GA 30306-4212
(404) 688-2000



Consented to by:


        /S/
Mark L. Pickett, Esq.
State Bar Number 578190
Attorney for Defendants
McLAIN & MERRITT, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
(404)365-4516




STATE COURT OF
DEKALB COUNTY, GA.
11/13/2020 3:19 PM
E-FILED
BY: Michelle Cheek

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                           Civil Action File No.
                                                20A79805
                    Plaintiff,

v.

SAM'S EAST, INC.,
SAM'S WEST, INC., SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS,
DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

                    Defendants.

---

## ORDER EXTENDING THE DISCOVERY PERIOD

For good cause shown, IT IS HEREBY ORDERED that the time within which

discovery may be completed in the above-styled case is hereby extended through

and including **April 16, 2021.**

SO ORDERED this 12 day of November, 2020.

STATE COURT OF
DEKALB COUNTY, GA.
11/5/2020 3:50 PM
BY: Michelle Cheek
                              Honorable Janis C. Gordon
                              Judge, DeKalb County State Court

Consent to:

*/s/ Christopher M. Farmer*          */s/ Mark L. Pickett*
Christopher M. Farmer                Mark L. Pickett
Georgia Bar No. 255170               Georgia Bar No. 578190
Attorney for Plaintiff               Attorney for Defendant Sam's
918 Ponce de Leon Ave., NE           3445 Peachtree Road, N.E., Suite 500
Atlanta, GA 30306-4212               Atlanta, GA  30326-3240
(404) 688-2000                       (404) 365-4516

*/s/ ReShea Balams*

ReShea Balams
Georgia Bar No. 557046
Attorney for Plaintiff
290 South Main St., Ste. 500
Alpharetta, GA 30009
(404) 445-2005

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MARCUS BERNARD NEDD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: 20A79805 |
| vs. | ) | |
| | ) | |
| SAM'S EAST, INC., SAM'S | ) | |
| WEST, INC., SAM'S PW, INC., | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| CHERYL COLLINS, DOMINIQUE | ) | |
| THOMPSON, XYZ CORPORATION | ) | |
| NO. 1, XYZ CORPORATION NO. 2, | ) | |
| JOHN DOE NO. 1, JOHN DOE NO. 2, | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT ORDER

It appearing to the Court, for good cause shown, that there is a need for special

appointment for service, it is hereby;

ORDERED, ADJUDGED, and DECREED that Donald Eskra and Samuel L.

Jones, each agents of Judicial Attorney Services, who are not interested parties to this

suit, are citizens of the United States, and are 18 years of age or older, are appointed to

serve Dominique D. Thompson either personally, or upon a person of suitable age and

discretion residing therein, with a copy of the Complaint, Summons, and all other

discovery requests in this case.

SO ORDERED, this 24 day of Nov 2020.

STATE COURT OF
DEKALB COUNTY, GA.
11/13/2020 2:25 PM
BY: Michelle Cheek

The Honorable Janis C. Gordon
State Court of Dekalb County

STATE COURT OF
DEKALB COUNTY, GA.
11/24/2020 1:22 PM
E-FILED
BY: Michelle Cheek

Prepared by:


      /S/
Christopher M. Farmer, Esq.
State Bar No. 255170
Attorney for Plaintiff
Davis, Zipperman, Kirschenbaum & Lotito, LLP
918 Ponce de Leon Ave., NE
Atlanta, GA 30306-4212
(404) 688-2000




Consented to by:


      /S/
Mark L. Pickett, Esq.
State Bar Number 578190
Attorney for Defendants
McLAIN & MERRITT, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326-3240
(404)365-4516

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARCUS BERNARD NEDD,                    Civil Action File No.
                                        20A79805

       Plaintiff,

v.

SAM'S EAST, INC.,  SAM'S WEST, INC.,
SAM'S PW, INC.,
WAL-MART STORES EAST, LP,
CHERYL COLLINS, DOMINIQUE THOMPSON,
XYZ CORPORATION NO. 1,
XYZ CORPORATION NO. 2,
JOHN DOE NO. 1, JOHN DOE NO. 2,

       Defendants.

_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned

hereby certifies that the following discovery has been served upon all persons

identified in the Certificate of Service attached hereto and incorporated herein by

reference:

DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-
PARTIES:

| | |
|---|---|
| American Health Imaging | DeKalb Medical Center - Radiology |
| Atlanta Spine Doctors | DeKalb Medical Center – Records |
| Barbour Orthopaedics | Elite Sports & Personal Injury |
| Benchmark Rehab Partners | Northside Imaging |
| DeKalb Medical Center – Billing | Regional Medical Group |
| | Team Rehab PT |

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*

Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com

STATE COURT OF
DEKALB COUNTY, GA.
12/7/2020 3:08 PM
E-FILED
BY: Michelle Cheek

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Odyssey eFileGA.

This the  7th day of December, 2020.

McLAIN & MERRITT, P.C.

*/s/ Mark L. Pickett*

Mark L. Pickett
Georgia Bar No. 578190
Attorney for Defendants
SAM'S EAST, INC.
SAM'S WEST, INC.
SAM'S PW, INC.,
WAL-MART STORES EAST, LP
CHERYL COLLINS
DOMINIQUE THOMPSON

3445 Peachtree Road, N.E., Suite 500
Atlanta GA  30326
(404) 365-4516
(404) 364-3138 (fax)
mpickett@mmatllaw.com